UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT JUDGE,

                Plaintiff,

      v.                                       Case No. 23-cv-442-bhl

L. WILSON, et al.,

                Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandon Scott Judge, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Judge's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Judge requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Judge has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.65. Accordingly, the Court will grant the motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

At the relevant time, Judge was an inmate at the Waupun Correctional Institution. Dkt. No. 1 at 3. Defendants are Institution Complaint Examiner (ICE) Wilson, Warden Randall Hepp,

2

Correctional Officer Nickel, Corrections Complaint Examiner (CCE) Brad Hompe, and ICE Tonia Moon. *Id*. at 1.

On January 1, 2023, Judge felt suicidal and consumed 25 pills of Quetiapine 200mg while in the Restrictive Housing Unit (RHU). *Id*. at 3. At around 9:30 p.m., Judge started pressing the emergency call button to get medical assistance but was ignored multiple times by the correctional officer manning the RHU control station. *Id*. Judge later found out that the correctional officer ignoring his pleas for help was Officer Nickel. *Id*. Judge eventually got the attention of a range officer, who contacted health services. *Id*. A nurse monitored Judge for a while but ultimately had to send him to the Waupun hospital for further medical care. *Id*. at 3-4. At the hospital, Judge became unresponsive and required a "flight for life." *Id*. at 4. When Judge returned to the institution, he was placed in observation status until January 9, 2023. *Id*.

The following day, on January 10, 2023, Judge filed an inmate complaint about the January 1 incident. *Id*. ICE Wilson investigated the inmate complaint, drafted a summary of facts, and concluded that the institution's call button records showed Judge did not press the call button as he claimed. *Id*. Judge appealed the decision, disputing ICE Wilson's summary of facts and claiming that the decision did not make any sense, but CCE Hompe found that ICE Wilson reasonably addressed the issue. *Id*. Judge then filed two more inmate complaints alleging that ICE Wilson's decision contained "false information." *Id*. Those inmate complaints were rejected by ICE Moon then affirmed by Warden Hepp. *Id*. For relief, Judge seeks monetary damages. *Id*. at 5.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

Case 2:23-cv-00442-BHL   Filed 05/30/23   Page 3 of 6   Document 9

v. *E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Eighth Amendment, Judge must allege that: (1) "he presented an objectively serious medical need;" and (2) "a defendant [] responded [] with deliberate indifference, thereby resulting in some injury." *Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020) (citing *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016)). A medical condition is objectively serious if it is "so obvious that even a lay person would perceive the need for a doctor's attention." *See Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011). "All agree that suicide is an objectively serious medical condition" and prison officials cannot intentionally disregard a suicidal inmate's need for medical attention. *Lord*, 952 F.3d at 904 (citing *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019)).

Judge alleges that he was suicidal, consumed 25 antipsychotic pills, then repeatedly called the RHU control center for medical assistance on January 1, 2023. He states that Officer Nickel was the correctional officer assigned to the RHU control center that day and he ignored Judge's need for medical attention. Judge states that he was very ill following his suicide attempt and ultimately became unresponsive from this attempt. Based on these allegations, the Court can reasonably infer that Officer Nickel may have been deliberately indifferent towards Judge's serious medical needs on January 1, 2023 at the Waupun Correctional Institution. He may therefore proceed with his claim against Officer Nickel.

Judge's only allegation against Wilson, Hepp, Hompe, and Moon is that he disagrees with their factual findings and legal conclusions on his inmate complaints and appeals. The law is clear that complaint examiners are not liable under §1983 for simply doing their jobs and ruling on an inmate's complaints and appeals. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Indeed, Judge does not allege that Wilson, Hepp, Hompe, and Moon "routinely sent each grievance to the shredder without reading it," "refused to do [their] job," or otherwise took actions to intentionally

4

avert "faithful implementation of the grievance machinery." *See id.* Therefore, Judge fails to state a claim against Wilson, Hepp, Hompe, and Moon and Court will dismiss them from the case.

### Conclusion

The Court finds that Plaintiff may proceed on an Eighth Amendment claim that Officer Nickel was deliberately indifferent towards his serious medical needs on January 1, 2023 at the Waupun Correctional Institution.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wilson, Hepp, Hompe, and Moon are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Officer Nickel.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Officer Nickel shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$349.35** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on May 30, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge