UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON SCOTT JUDGE,

        Plaintiff,

    v.                                          Case No. 23-cv-442-bhl

JOHN NICKEL,

        Defendant.

---

# ORDER

---

Plaintiff Brandon Scott Judge, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. On May 30, 2023, the Court screened the original complaint and allowed Judge to proceed on an Eighth Amendment claim that Correctional Officer John Nickel was deliberately indifferent towards Judge's serious medical needs based on Nickel's alleged disregard of Judge's pleas for help on January 1, 2023 at the Waupun Correctional Institution. Dkt. No. 9. The Court dismissed Judge's claims against ICE Wilson, Warden Randall Hepp, CCE Brad Hompe, and ICE Tonia Moon because Judge's allegations failed to state claims against those individuals. *Id*. at 4-5. Specifically, the Court concluded that Judge did not have claims against these individuals given that he did not claim they were involved in the initial incident but was merely suing them based on their involvements in ruling on his subsequent inmate complaints and appeals. *Id*. This was true even if he disagreed with their decisions. *Id*.

On June 16, 2023, Judge filed an amended complaint realleging the same facts and allegations against Nickel, Wilson, and Hepp. Dkt. No. 16. The Court screened the amended complaint and again allowed Judge to proceed on an Eighth Amendment claim against Nickel but again dismissed the claims against Wilson and Hepp. Dkt. No. 18. The Court again explained

that disagreement with a complaint examiner's factual findings and legal conclusions is insufficient to state a claim. *Id*. The Seventh Circuit has confirmed that prison officials involved in handling prisoner complaints are not liable simply for doing their jobs, even if they rule against a prisoner. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Absent allegations that the complaint examiner routinely sent each grievance to the shredder without reading it, refused to process an inmate complaint or appeal, or otherwise took actions to intentionally avert faithful implementation of the grievance machinery, a prisoner cannot hold the complaint examiner liable under §1983.*Id*.

On July 20, 2023, Judge filed a motion for reconsideration of the Court's second screening order. Dkt. No. 19. He states that he "will agree to Hepp being dismissed as a defendant" but believes that the Court should look at the evidence against Wilson. *Id*. He attaches to his motion a call log, which he claims shows that Wilson's conclusion about his inmate complaint was wrong. *See* Dkt. No. 19-1. Judge continues to bark up the wrong tree. As the Court has already explained, Judge's disagreement with Wilson's factual findings and legal conclusions on his inmate complaint is not a basis to assert claims against her. *See Burks*, 555 F.3d at 595. This is true even if her decision was incorrect. *See id*. In other words, the fact that Judge has now attached a call log for the Court's review does not change the prior analysis—he is still just merely disagreeing with her factual findings and legal conclusions, *i.e.*, disagreeing with her interpretation of the call log. Therefore, the Court will deny the motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin on August 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge